**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Bradley Development Co., Inc.,** | ) | **CASE NO. 1:05 CV 609** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Northern Ohio Sewer Contractors, Inc.** | ) | **Memorandum of Opinion and Order** |
| **et al.,** | ) | |
| **Defendants.** | ) | |

This matter is before the Court upon plaintiff's Motion to Dismiss and Motion to Transfer (Doc. 11). For the following reasons, the Motion is DENIED.

Plaintiff seeks remand to the Lorain County Court of Common Pleas arguing that with the filing of the Amended Complaint, this Court lacks subject matter jurisdiction. This Court disagrees.

Defendant properly removed the Complaint to this Court on the basis of diversity of citizenship as the parties are completely diverse and plaintiff seeks more than $100,000.00 in damages. Plaintiff asserts that the Court no longer has diversity jurisdiction because its Amended Complaint seeks only $70,000.00 in damages.

1

Under 28 U.S.C. § 1447(c), cases originally filed in a state court must be remanded if, at any time before trial, it appears that the federal district court to which they were removed lacks subject matter jurisdiction. *Coyne v. The American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999) ("[I]n a removed action, upon determination that a federal court lacks jurisdiction, remand to state court is mandatory."). Because the determination of federal jurisdiction in a diversity case is made as of the time of removal, *Ahearn v. Charter Township of Bloomfield*, 100 F.3d 451,453 (6th Cir. 1996), a court's ruling on a motion to remand will rest on whether the case was properly removed to federal court in the first place. *Rogers v. Wal-Mart Stores, Inc*., 230 F.3d 868, 871-72 (6th Cir. 2000) (citing *Ahearn*, 100 F.3d at 453). The party seeking removal bears the burden of showing that proper subject matter jurisdiction exists. *Id*.

In *Rogers*, the plaintiff filed a negligence action in state court seeking approximately $950,000.00 in damages. Defendant removed to federal court on the basis of diversity. The parties subsequently stipulated to dismissal. Plaintiff then filed a new complaint in state court, arising out of the same occurrence but seeking damages not to exceed $75,000.00. Defendant removed again based on answers to interrogatories in the first case in which plaintiff estimated her damages at $447,000.00. Plaintiff filed a motion to remand, submitting an affidavit that she had no intention of seeking additional damages from defendant. Plaintiff also attached a stipulation admitting that her total damages did not exceed $75,000.00 and stating that she would not seek leave to amend her complaint for additional damages. The Sixth Circuit affirmed the district court's order denying the motion to remand and held:

> We conclude that post-removal stipulations do not create an exception to the rule articulated in [*St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938). ("Events occurring subsequent to the institution of suit which reduce the amount

2

recoverable below the statutory limit do not oust jurisdiction.")] Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction. Therefore, consistent with *St. Paul* and previous unpublished Sixth Circuit opinions, we hold that a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court. This rule is grounded not only in precedent, but also in sound policy. If plaintiffs were able to defeat jurisdiction by way of a post-removal stipulation, they could unfairly manipulate proceedings merely because their federal case begins to look unfavorable. Moreover, the interests of simplicity and uniformity dictate that post-removal stipulations be treated just like any other post-removal event.

*Id.* at 872.  In so deciding, the *Rogers* court abrogated the prior decision of *Goodman v. Wal-Mart Stores, Inc.,* 981 F.Supp. 1083 (M.D.Tenn. 1997), wherein the district court held that remand is properly granted where a plaintiff, who sought $250,000.00 in damages prior to removal, amends his complaint after removal to reduce his damages sought to $74,000.00.

Accordingly, plaintiff's post-removal amendment does not deprive this court of subject matter jurisdiction.

**Conclusion**

For the foregoing reasons, plaintiff's Motion to Dismiss and Motion to Transfer is denied.

IT IS SO ORDERED.

                                    /s/ Patricia A. Gaughan
                                    PATRICIA A. GAUGHAN
                                    UNITED STATES DISTRICT JUDGE

Dated: 8/9/05