**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **Bradley Development Co., Inc.,** ) | **CASE NO.  1:05 CV 609** |
|  ) | |
| Plaintiff, ) | **JUDGE PATRICIA A. GAUGHAN** |
|  ) | |
| vs. ) | |
|  ) | |
| **Northern Ohio Sewer** ) | **Memorandum of Opinion and Order** |
| **Contractors, Inc., et al** ) | |
| Defendant. ) | |

### Introduction

This matter is before the Court upon defendant Gary Prock's Motion for Summary Judgment (Doc. 24). For the following reasons, the motion is GRANTED.

### Facts

Plaintiff, Bradley Development Co., Inc., filed its Amended Complaint against defendants, Northern Ohio Sewer Contractors, Inc. (hereafter, NOSC) and Gary Prock.

Prock submits his affidavit which avers the following. NOSC was dissolved as an Ohio corporation in November 2001. Formerly, Prock was president of NOSC. In the Spring of 1997, NOSC entered into an oral contract with plaintiff for work with regard to Phase 1 of

a project known as the Redfern Farms Subdivision.  The oral contract called for NOSC to do all the dirt work in order to bring Phase 1 of the Redfern Farms Subdivision up to grade.  This work included the following items: 1) installation of storm sewers for Phase 1, 2) installation of sanitary sewers for Phase 1, 3) installation of water lines for Phase 1 and 4) digging of a "pretty substantial ditch" along the west side of the property to reroute a drainage area that went through the proposed road.  In total, the oral contract called for cutting and filling of approximately 41,000 cubic yards of soil and approximately 1,000 cubic yards of topsoil.  NOSC started work on Phase 1 in mid to late Summer 1997.  The size of the ditch that was to be dug was made smaller by ten feet at plaintiff's direction because when the actual property line was staked, plaintiff found that the neighbor's trees and fence created a problem.  This also caused plaintiff to modify the slope of the land grade.  The grade was also modified by plaintiff because a gas transmission line ran through some of the property and Columbia Gas would not permit digging within so many feet of the transmission line.  Nor would Columbia Gas permit dirt to be piled on the transmission line.  This caused plaintiff to modify the grade of the land in some areas of Phase 1.  Plaintiff further directed that no soil work be done on many of the sites as they were approved by the Lorain County Board of Health for installation of a septic system, and any cutting or raising of the grade would cause plaintiff to lose its health permit.  NOSC completed the work on this phase prior to Thanksgiving 1997, and it conformed to common standards of workmanship.

The Amended Complaint does not set forth separate causes of action but contains several allegations: NOSC negligently failed to perform under the oral contract and breached their contractual obligations, NOSC failed to perform its work to comply with the contract

requirements and specifications, NOSC's performance under the contract failed to be performed in a workmanlike manner and was defective, NOSC was unjustly enriched by using equipment supplied by plaintiff but failing to pay the rental charges and NOSC over billed plaintiff for the work.

This matter is before the Court upon defendant Gary Prock's Motion for Summary Judgment.

### **Standard of Review**

Summary Judgment is appropriate when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986) (citing Fed. R. Civ. P. 56(c)); *see also LaPointe v. UAW, Local 600*, 8 F.3d 376, 378 (6th Cir. 1993). The burden of showing the absence of any such genuine issues of material facts rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits," if any, which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex*, 477 U.S. at 323 (citing Fed. R. Civ. P. 56(c)). A fact is "material only if its resolution will affect the outcome of the lawsuit." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. Federal Rule of Civil Procedure 56(e) provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of [his] pleadings, but [his

3

> response], by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is genuine issue for trial.  If he does not respond, summary judgment, if appropriate, shall be entered against him.

The court must afford all reasonable inferences and construe the evidence in the light most favorable to the nonmoving party.  *Cox v. Kentucky Dep't. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) (citation omitted); *see also United States v. Hodges X-Ray, Inc.,* 759 F.2d 557, 562 (6th Cir. 1985).  However, the nonmoving party may not simply rely on its pleading, but must "produce evidence that results in a conflict of material fact to be solved by a jury."  *Cox*, 53 F.3d at 150.

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of his case.  *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322).  Accordingly, "the mere existence of a scintilla of evidence in support of plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff."  *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (quoting *Anderson*, 477 U.S. at 52 (1986)).  Moreover, if the evidence is "merely colorable" and not "significantly probative," the court may decide the legal issue and grant summary judgment.  *Anderson*, 477 U.S. at 249-50 (citation omitted).

### **Discussion**

In response to defendant's motion, plaintiff offers the answers to interrogatories submitted by its president, Richard Beran, to defendant during discovery in this matter.  In particular, plaintiff points to its responses regarding defendant's inquiries as to plaintiff's allegations that defendant negligently failed to perform and breached its contractual obligations, failed to comply with the contract requirements and specifications, and performed

the work in a defective and unworkmanlike manner.  Plaintiff answered:

> Rip rap for headwalls never installed; catch basin had to be re-mortared and graded due to improper installation; catch basins were never installed at improper grades and had to be removed and reset; storm taps on a number of lots had to be extended due to failure to comply with plans, drawings and specifications; sanitary manholes were not properly installed and had to be drilled; installation of sanitary sewers , storm sewers and water main lines were negligently done and failed to comply with plans, drawings and specifications.

(Doc. 27 Ex. A to Phillips aff.)  Plaintiff also set forth an itemization of damages.  Plaintiff asserts that these responses are further corroborated by a statement in an arbitrator's finding in what appears to be an arbitration related to this matter: "This Arbitrator cannot help but also note the testimony of Prock who acknowledged that Prock/NOSC did not fully perform its work in accordance with the plans and specifications but rather based on what he perceived to be, in effect, the way such work was typically done."  (*Id.* Ex. C at 5)

Additionally, plaintiff submits the affidavit of David Gill, who is not identified as an expert witness but who apparently testified in the related arbitration.  Gill avers the following.  He is the president and owner of Gill Construction Co. with over 20 years experience as a custom residential home builder and developer.  He purchased all but two or three lots in Phase 1 of the Redfern Farms Subdivision.  He actually performed construction work on the lots in these lots, including grading work.  NOSC and Prock did not properly grade the lots in accordance with the project grading plan for Phase 1.  NOSC and Prock did not properly grade the lots for drainage purposes resulting in poor and defective drainage, ponding of water and defective portability.  NOSC and Prock failed to properly fill the trenches for the storm sewers, sanitary sewers and water lines with premium fills.  NOSC and Prock failed to install all of the storm connections in accordance with specifications, causing Gill

5

Construction to incur additional work costs and expenses to locate and find the storm connections. In April 1998, Gill wrote a letter to Richard Beran regarding the defective conditions. (Gill aff.)

For the following reasons, plaintiff fails to create a material issue of fact so as to preclude summary judgment.

Plaintiff has alleged negligence, failure to perform in a workmanlike manner and breach of contract. The first two assertions are addressed together. "It is well settled that the law imposes a duty on builders to construct buildings in a 'workmanlike manner.'" *Simms v. Heskett,* 2000 WL 1357654 (Ohio 4th App. Dist. Sept. 18, 2000) (citing *McCray v. Clinton Cty. Home Improvement*, 125 Ohio App.3d 521, 525 (1998) ). "A failure to comply with that duty is actionable through a tort claim in negligence." *Id.* (citing *Gardens of Bay Landing Condominiums v. Flair Builders, Inc*., 96 Ohio App.3d 353, 358 (1994) ). "The elements of a claim in negligence are generally (1) a duty to perform to a certain standard; (2) a breach of that duty; (3) causation; and (4) damages." *Id.* Defendant asserts that plaintiff failed to identify an expert witness in this action. Gill is not identified as an expert. Therefore, no expert testimony is offered to show negligence. Nor, as defendant points out, has plaintiff come forward with other independent testing to demonstrate the failure to perform according to the standard. Additionally, plaintiff repeatedly failed to make its president, Richard Beran, available for deposition and, upon motion of defendant, this Court has precluded him from testifying at trial, or in any other manner, in conjunction with this matter. While plaintiff offers answers to interrogatories of Beran, the relevant answer, set forth above, fails to satisfy the elements of a negligence claim but merely reiterates what defects allegedly existed.

Nor does plaintiff show why defendant is not entitled to summary judgment on plaintiff's claim for breach of contract. To prevail on a breach of contract claim, "a plaintiff must generally prove the following: the existence of a contract; performance by the plaintiff; breach by the defendant; and, damage or loss to the plaintiff." *Traveny v. University of Akron*, 1999 WL 604124 (Ohio App. 10th Dist. 1999) Prock's affidavit describes the contract. He avers that the work performed by NOSC conformed with the common standards of workmanship and ordinary care associated with the nature of this work, and that no money is due under the contract. Plaintiff does not come forward with evidence refuting these averments.

### **Conclusion**

For the foregoing reasons, defendant Gary Prock's Motion for Summary Judgment is granted.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 3/1/06