**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Bradley Development Co., Inc.,** | ) | **CASE NO. 1:05 CV 609** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Northern Ohio Sewer Contractors, Inc.** | ) | **Memorandum of Opinion and Order** |
| **et al.,** | ) | |
| Defendants. | ) | |

    This matter is before the Court upon plaintiff's Motion for Relief from Judgment (Doc. 40) and defendant's Motion for Sanctions (Doc. 42).  For the following reasons, both motions are DENIED.

    Plaintiff requests relief from judgment from this Court's March 1, 2006 Memorandum of Opinion and Order granting defendant Gary Prock's Motion for Summary Judgment.

    Plaintiff seeks relief pursuant to Federal Rule Civil Procedure 60(b).  Such motion may be granted only for the reasons specified in that rule: 1) mistake, inadvertence, surprise, or excusable neglect; 2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); 3) fraud, misrepresentation, or other

1

misconduct of an adverse party; 4) the judgment is void; 5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or 6) any other reason justifying relief from the operation of the judgment. *Id.*

Plaintiff asserts that it is entitled to relief based on mistake and inadvertence, and because the judgment is void for lack of jurisdiction. In particular, plaintiff states that this Court failed to rule upon two pending motions for reconsideration[1] and, therefore, the March 1 Memorandum of Opinion and Order is based on orders which should have been vacated. Accordingly, plaintiff asks that the pending Rule 60(b) motion be granted "to permit this Court to address and ruled [sic] upon two pending motions before this Court..." (Doc. 40 at 4)

Plaintiff is mistaken. By Memorandum of Opinion and Order of February 15, 2006, this Court denied plaintiff's two motions for reconsideration. As such, plaintiff's assertion in this regard does not form a basis for vacating summary judgment.

With regard to granting summary judgment, plaintiff also contends that this Court "incorrectly ignored sworn answers to the interrogatories by Richard Beran and erroneous [sic] concluded that David Gill... was not an expert." (Doc. 40 at 3-4) This Court, however, addressed Beran's answers to the interrogatories (Memorandum of Opinion at 4-5) and concluded that the testimony was insufficient to establish the elements of negligence. (*Id.* 6-7)

---

[1] Plaintiff's motions for reconsideration were filed on January 18, 2006. The first motion sought reconsideration of this Court's November 16, 2005 marginal entry order granting, as unopposed, defendant Prock's Motion to Preclude Richard Beran from Testifying. The second motion sought reconsideration of this Court's August 9, 2005 Memorandum of Opinion and Order denying plaintiff's Motion to Dismiss and Motion to Transfer.

Furthermore, the Court did not determine whether or not Gill was an expert, but determined that plaintiff's failure to timely identify him as an expert precluded his averments as being considered expert testimony.

Defendant Gary Prock asks this Court to impose sanctions against plaintiff's counsel for the expense incurred by defendant in responding to the Motion for Relief from Judgment. The Court declines to award sanctions.

For these reasons, plaintiff's Motion for Relief from Judgment is denied and defendant's Motion for Sanctions is denied.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/12/06